IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DAWN PERLMUTTER, *et. al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:19-cv-03402-PX |
| TRINA VARONE, *et. al.*, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

This case is the latest in a long line of lawsuits concerning a heated family battle over the distribution of an estate. Now Plaintiff Dawn Perlmutter[1] attempts to bring suit against her family members in this Court. ECF Nos. 1, 12. Defendants have filed nine motions, urging this Court to dismiss the claims, strike the Amended Complaint, and impose sanctions. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, the Court GRANTS Plaintiffs' motion to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2); DENIES Defendants' motions to strike (ECF Nos. 13, 17, 18, 19); DENIES as MOOT Defendants' motions to dismiss the original Complaint (ECF Nos. 7 & 9); GRANTS Defendant's motion to dismiss the Amended Complaint (ECF No. 16); and DENIES WITHOUT PREJUDICE Defendants' motions for sanctions with strong warning that any further litigation of this ilk will give this Court ample cause to sanction Plaintiffs in the future (ECF Nos. 14, 29).

### I.    Background

For the last ten years, the parties have exhaustively litigated the distribution of their mother's estate. ECF No. 12 ¶ 26. Plaintiff Dawn Perlmutter is the sister of Defendants Trina

---

[1] Plaintiff Perlmutter has brought these actions along with Thomas Bolick, to whom Perlmutter conveyed a "percentage of her inheritance rights." ECF. No. 12 at 1–2.

Varone and Scott Perlmutter, and sister-in-law to Jeffrey Varone who is married to Trina.  *Id.* ¶¶ 4, 6, 41.  When their mother, Joan Sutton, died, she left behind an estate worth millions of dollars and included the family businesses, Sutton Investments LLC and Hope Village, Inc.  *Id.* ¶¶ 25, 41, 55, 70.  Dawn Perlmutter always maintained that she had been deprived of her rightful inheritance because Trina and Jeffrey Varone transferred millions of dollars from the estate into a separately held trust, and seized control of Sutton Investments LLC.  *Id.* ¶¶ 25–26.  Dawn Perlmutter has similarly argued that Trina Varone submitted a forged will to Maryland's probate court to gain control of the estate.  *Id.* ¶¶ 72–73, 84.  Perlmutter's claims have been litigated in eight separate lawsuits.  ECF No. 7 at 1; ECF No. 14 at 3.

Plaintiffs' original and Amended Complaint describe in detail an alleged scheme executed by Defendants to deprive Perlmutter of her inheritance share and perpetrate a "fraud" on the state courts.  ECF No. 12 at 2.  The complaints recount the 2016 lawsuit that Plaintiff Perlmutter filed in Montgomery County Circuit Court against Defendants "for the return of stolen property" and a companion case pursued in the District of Columbia Superior Court, and weaves a detailed tapestry of grievances about the outcome of the state court decisions.  *Id.* ¶¶ 13–18, 112.  Although rambling and hard to decipher, the complaints at bottom contend that no "credible basis" exists to support Trina Varone's entitlement to the Sutton estate.  *Id.* ¶¶ 20–23.

The Court first addresses the pending motions to strike the Amended Complaint, then turns to the merits of Plaintiffs' claims, and finally the propriety of sanctions at this juncture.

**II.    Motions to Strike the Amended Complaint (ECF Nos. 13, 17, 18, 19)**

The Amended Complaint, filed in response to Defendants' original motions to dismiss, attempts to address the primary defect of the original complaint—that it failed to state *any* cause of action.  ECF Nos. 7, 9, 12.  While the factual predicate of both complaints remains largely the

same, the Amended Complaint enumerates the following causes of action: (1) "retaliation" in violation of Plaintiffs' First Amendment rights, brought pursuant to 42 U.S.C. § 1983; (2) a civil rights conspiracy in violation of 42 U.S.C. § 1985(3); (3) a violation of the Federal Tort Claims Act ("FTCA") against the United States Government; (4) and a *Bivens* action brought against Defendant Jeffrey Varone.  ECF No. 12.  Plaintiffs also seek declaratory relief, asking this Court to declare the Fourth Circuit's Local Rule 46(f) unconstitutional, and other relief expressly tied to their claims.  *Id.*  ¶¶ 160–177.

Defendants urge the Court to strike the Amended Complaint for failure to comply with the Local Rules, but also because the newly conceived claims fail as a matter of law.  ECF Nos. 13, 17, 18, 19.  The Court recognizes that Plaintiffs utterly failed to follow the Local Rules, and the Court could grant Defendants' motion on this basis alone.  However, the Court equally recognizes that amendment of the complaint shall be freely granted to permit resolution on the merits.  *See* Fed. R. Civ. P. 15(a)(2).  Thus, the Court will permit the amendment and deny the motions to strike.  The Court next turns to the legal sufficiency of Plaintiffs' allegations.[2]

### III. Motions to Dismiss the Amended Complaint (ECF Nos. 7, 9, 16)

Defendants lodge a series of challenges to the original and Amended Complaint.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court accepts "the

---

[2] Defendants contend in their respective motions to strike that the amended claims fail as a matter of law and thus, allowing amendment is futile.  ECF Nos. 13, 17, 18, 19.  For ease of analysis, the Court accepts the Amended Complaint as the operative complaint and considers the sufficiency arguments raised in the motions to strike, in conjunction with those advanced in Defendants' motions to dismiss both the original and amended complaint.  *Cf. Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).  To be clear, although the Court denies as moot Defendants' original dismissal motions as to the relief sought—dismissal of the *original* complaint—it nonetheless considers Defendants' arguments relevant to determining whether to dismiss the Amended Complaint. *See Johnson v. Asset Acceptance, LLC*, No. GLR-15-538, 2015 WL 8760737, at *1 (D. Md. Dec. 15, 2015); *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 415 (D. Md. 2012).

well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "Furthermore, the Court may also take judicial notice of docket entries, pleadings, and papers in other cases without converting a motion to dismiss into a motion for summary judgment."  *Johnson v. United States Dep't of Justice*, No. PJM 14-4008, 2016 WL 4593467, at *4 (4th Cir. Sept. 2, 2016); *see also Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

Plaintiffs proceed pro se.  Accordingly, the Court must construe the Amended Complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 10 (1980).  The Court, however, cannot ignore a clear failure to allege facts setting forth a cognizable claim.  Nor should this Court act as Plaintiffs' advocate, attempting to fashion legal claims not otherwise supported by the complaint itself.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ( "Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.").

With this standard in mind, the Court reviews each cause of action separately.

**A.  Claims brought pursuant to 42 U.S.C. § 1983**

The Amended Complaint avers that Defendants violated Plaintiffs' "First Amendment rights" and brings the claim pursuant to 42 U.S.C. § 1983.  ECF No. 12 ¶ 116.  To survive challenge, the Amended Complaint must plausibly aver deprivation of a constitutional right

committed by persons acting under the color of law.  *See* 42 U.S.C § 1983; *S.P. v. City of Takoma Park*, 134 F.3d 260, 269 (4th Cir. 1998).  A defendant acts under color of law when his or her acts are "fairly attributable to the state."  *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658–59 (4th Cir. 1998) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  This "state action" requirement "reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'"  *Id.* at 658 (quoting *Lugar*, 456 U.S. at 936).

Although the Court cannot discern how Plaintiffs' First Amendment rights have conceivably been violated, it need not reach this question because the Amended Complaint also fails to make plausible that Defendants engaged in state action.  Defendants are four private individuals and a private corporation who prevailed in the underlying state claims by allegedly perpetrating a fraud on the court.  ECF No. 12 at 2; *see City of Takoma Park*, 134 F.3d at 269.  But none of this alleged misconduct concerns any Defendant acting under color of law.  *See Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993); *Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 43 (4th Cir. 1993).  Nor does it concern private conduct that can be "fairly attributable to the state."  *Lugar*, 457 U.S. at 937, 940 (explaining that private actors who act "unlawfully" or "contrary to the relevant policy articulated by the State" partake only in "private action"). [3]  Plaintiffs simply have not brought a cognizable § 1983 claim.

**B. Conspiracy to violate constitutional rights, 42 U.S.C. § 1985(3)**

The Amended Complaint next invokes 42 U.S.C. § 1985(3) which permits, in certain

---

[3] To the extent the Amended Complaint suggests that state court judges conspired with Defendants and thus acted as "joint participant[s]," *see Andrews*, 998 F.2d at 217, no facts averred support the claim.  Indeed, this averment contradicts the Plaintiffs' primary contention that Defendants conspired amongst *themselves* to commit a fraud *on* the state courts.  ECF No. 12 ¶¶ 20, 23, 59, 130.

5

limited circumstances, suit against private citizens who have conspired to deprive a plaintiff of a constitutional right.  Claims under this statutory provision may proceed only for intentional, class-based invidious discrimination "aimed at interfering with rights" that are protected by private and official encroachment alike.  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993) (quoting *Carpenters v. Scott*, 463 U.S. 825, 833 (1983)).  Importantly, the provision does not reach generalized "tortious, conspiratorial interferences with the rights of others."  *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971)).  Nor can a "private conspiracy" claim proceed where the right at issue is one with which only the state can interfere, such as the First Amendment.  *Bray*, 506 U.S. at 278 (§ 1985 never applies to "private conspiracies that are aimed at a right that is by definition a right only against state interference.") (internal quotation marks omitted); *see also Carpenters*, 463 U.S. at 830 (An "alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state.").

As the basis for this claim, the Amended Complaint avers that Defendants conspired with "non-party Defendant" state judges to commit "extrinsic fraud on the Maryland courts" that deprived Plaintiffs of access to the courts, as well as their property rights.  ECF No. 12 ¶¶ 140-42.  The claim, simply put, is that Defendants prevailed in the underlying state actions through fraud.  This does not amount to deprivation of a constitutional right cognizable as a § 1985 claim.   This claim too must be dismissed.

### C.  Federal Tort Claims Act

The Amended Complaint next alleges that the United States is liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, for "authorizing and/or acquiescing in the actions of" the other named Defendants.  ECF No. 12 ¶¶ 149, 154.  In support of this

claim, the Amended Complaint notes that Sutton Investments LLC is "currently in mega-million contract negotiations" with the Government, *id.* ¶ 151; and that Defendant Jeffrey Varone is an FBI agent who purportedly engaged in the alleged fraud while acting within the scope of his employment, *id.* ¶ 154.

The FTCA was enacted to hold the United States government liable for the tortious conduct of federal government *employees* acting *within the scope* of their office or employment. *See* 28 U.S.C. § 1346(b)(1) (emphasis added). Thus, the FTCA's plain language eliminates outright any liability of Sutton Investments LLC as a privately-owned corporation. Further, the FTCA excludes independent contractors from the statute's reach. *See* 28 U.S.C. § 2671; *see also In re KBR, Inc., Burn Pit Litigation*, 744 F.3d 326, 341 (4th Cir. 2014).

As for Jefferey Varone, no facts support that he engaged in acts or omissions within the scope of his employment. His mere status as an FBI agent, alone, does not confer liability. *See* 28 U.S.C. § 1346(b)(1). Accordingly, the Amended Complaint wholly fails to make plausible that any of the alleged acts were committed by federal employees during the course of their employment. This claim must be dismissed.[4]

### D. *Bivens* Action

The Amended Complaint finally purports to bring a *Bivens* action against Jeffrey Varone. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action allows individuals to seek damages for a federal official's unconstitutional acts. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a *Bivens* claim, a plaintiff must

---

[4] Alternatively, the allegations center solely on intentional acts of fraud, which are expressly excluded under the FTCA. *See* 28 U.S.C. § 2680(h) ("[S]ection 1346(b) of this title shall not apply to . . . [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."). And to the extent the claims could survive challenge on the merits, nothing in the Amended Complaint demonstrates that Plaintiffs have exhausted administrative notice requirements prior to filing suit, *see* 28 U.S.C. § 2675, or that the claims are not otherwise time-barred, *see* 28 U.S.C § 2401(b) (two-year limitations for FTCA claims).

plausibly aver that the federal official violated the plaintiff's clearly established constitutional rights while acting under color of law. *See Bivens*, 403 U.S. at 389.

This claim too wholly lacks merit. The Amended Complaint baldly contends that Varone violated Plaintiffs' Fourth Amendment rights by "hijacking Sutton Investments LLC without reasonable suspicion or probable cause" to believe that Plaintiffs committed a crime. ECF No. 12 ¶ 158. Plaintiffs' averment of some supposed Fourth Amendment violation is bewildering at best. No facts support that Varone, in his capacity as an FBI agent, executed any search or seizure in this case. Rather, he was a private party to a state court matter concerning the distribution of his mother-in-law's estate.[5] *See Bivens*, 403 U.S. at 389 (requiring the violation of a constitutional right). Plaintiffs cannot simply append, in talismanic fashion, a claimed violation of a federal constitutional provision to their internecine family war to transform this matter into a federal *Bivens* action. This claim too must be dismissed.[6]

### III.    Dismissal With Prejudice

On the whole, the Amended Complaint amounts to a deeply misguided attempt to transform a long-litigated state case into a federal cause of action. The Amended Complaint recites the Plaintiffs' prior losses in state court, purportedly procured by fraud, and then tacks on federal statutory provisions in an attempt to stick the landing in this Court. Although the Court must avoid dismissals with prejudice where a claim may be salvaged by amendment, that is simply not possible here. These claims are "truly unamendable," and thus dismissal with

---

[5] As a last resort, Plaintiffs seem to allege that Defendants' violation of Plaintiffs' First Amendment rights similarly gives rise to liability under *Bivens*. ECF No. 12 ¶ 159. No facts support that Varone, acting as an FBI agent, violated Plaintiffs' First Amendment rights whatsoever.

[6] Plaintiffs' companion claims for declaratory relief arising from the same claims fail for the same reasons. *See Powell v. McCormack*, 395 U.S. 486, 499 (1969). Nor will the Court entertain requests to deem "unconstitutional" Rule 46(f) of the Fourth Circuit's Local Rules for Appellate Procedure, which does not bear at all on this case. ECF No. 12 ¶ 162.

prejudice is proper. *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) (internal citation omitted); *see Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013). The Court notes that this conclusion in no way deprives Plaintiffs of their access to judicial relief, as this is hardly the first time Plaintiffs have pursued action against Defendants related to the distribution of the Sutton estate. ECF Nos. 7-5; 7-12; 7-13; 7-15; 7-17; 7-19; 7-21 at 8; 7-31; 7-32. The Amended Complaint is dismissed with prejudice.

### IV. Motions for a Pre-filing Injunction and Sanctions

Defendants lastly move for sanctions against Plaintiffs, to include imposing a pre-filing injunction. ECF No. 7; ECF No. 14; ECF No. 29. Under Rule 11 of the Federal Rules of Civil Procedure, federal courts maintain the authority to sanction litigants for filings made with an "improper purpose, such as harassment, delay, or coercion." *Fastov v. Palisades Swimming Pool Assoc., Inc., et al.*, No. AW-05-1760, 2006 WL 4560161, at *7 (D. Md. Jan. 31, 2006) (citing Fed. R. Civ. P. 11)). Such authority must be exercised sparingly and only when "exigent circumstances" exist. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004).

Rule 11 expressly applies to *pro se* litigants, but the court must exercise "sufficient discretion to take account of the special circumstances that often arise in pro se situations." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). "Use of such measures against a pro se plaintiff should be approached with particular caution and should remain very much the exception to the general rule." *Cromer*, 390 F.3d at 818 (internal quotation marks and citations omitted).

The Court will not grant the requested sanctions at this time. However, Plaintiffs are expressly warned that thus far, the claims asserted have been frivolous. Filing future claims of this kind will provide ample grounds to impose the requested sanctions. This is especially the

case where Plaintiffs' unrelenting litigation concerning the distribution of the Sutton estate has spanned an entire decade.  *See, e.g.*, ECF Nos. 7-5; 7-12; 7-13; 7-15; 7-17; 7-19; 7-21 at 8; 7-31; 7-32.  Accordingly, Defendants' motions to strike are denied without prejudice and subject to renewal in the event Plaintiffs persist in similar litigation tactics going forward.

## V. Conclusion

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE Plaintiffs' Amended Complaint (ECF No. 12); DENIES Defendants' motions to strike (ECF Nos. 13, 17, 18, 19); DENIES AS MOOT Defendants' motions to dismiss the original Complaint (ECF Nos. 7, 9); GRANTS Defendant's motion to dismiss the Amended Complaint (ECF No. 16); and DENIES WITHOUT PREJUDICE Defendants' motions for sanctions (ECF Nos. 14, 29). A separate order follows.

June 1, 2020_____/S/_____
Date                                                                                       Paula Xinis
                                                                                           United States District Judge