IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DAWN PERLMUTTER, *et. al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:19-cv-03402-PX |
| TRINA VARONE, *et. al.*, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM AND ORDER

On June 1, 2020, the Court issued its memorandum opinion and order granting Defendants' motions to dismiss Dawn Perlmutter and Tom Bolick's *pro se* Amended Complaint and denying Defendants' motions for sanctions. ECF No. 33. On June 22, 2020, Plaintiffs moved for reconsideration (ECF No. 35), prompting counsel of record for defendant Scott Perlmutter to move this Court to strike his appearance. ECF No. 39. Plaintiffs also seek to "Recuse/Disqualify Judge Paula Xinis." ECF No. 42. Defendants, in response, renew their sanctions motion. ECF Nos. 43 & 44. For the following reasons, the Court GRANTS the motion to withdraw as counsel (ECF No. 39), and DENIES all other motions. ECF Nos. 35, 42, 43, 44.

The pertinent facts, accepted as true and most favorably to Plaintiffs, were fully set out in the Court's prior opinion and are incorporated here. ECF No. 32. However, like the Amended Complaint, Plaintiffs' pending motions are rambling, largely indecipherable, and, in the end, frivolous. ECF Nos. 35 & 42. Indeed, the only new "fact" is that, according to Plaintiffs, this Court is now part of the long list of "co-conspirators" intent on depriving them of their rightful share of the family inheritance. ECF No. 42.

Because Plaintiffs moved for reconsideration within 28 days of this Court's order, Federal Rule of Civil Procedure 59(e) applies.  *See Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011).  Rule 59(e) provides three limited grounds for reconsideration: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  As with all *pro se* pleadings, a reconsideration motion filed by self-represented litigates must be liberally construed.  *United States v. Groves*, No. 98-6635, 1999 WL 515445, at *4 (4th Cir. July 21, 1999).  That said, the purpose of such a motion is *not* "reargue the merits" of its case or "present new evidence" that could have otherwise been presented in the first instance.  *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001); *see also Lowery v. Fearing*, No. PX-16-3164, 2018 WL 1505791, at *2 (D. Md. Mar. 27, 2018) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Plaintiffs contend broadly that this Court "denied them due process of law… [by] purposefully, intentionally, and knowingly join[ing] the coordinated effort to deprive the plaintiffs of right secured by the U.S. Constitution." ECF No. 35 at 2.  Otherwise, Plaintiffs simply copy-and-paste the same verbiage from their prior filings which restate the same conspiratorial allegations.  ECF No. 42.   Plaintiffs have put forward no serious reason for this Court to revisit its prior ruling or to recuse itself from this litigation.  *See Pacific Ins. Co.*, 148 F.3d at 403 (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).  Accordingly, Plaintiffs' motions are denied.  ECF Nos. 35 & 42.

As for Defendants' sanctions request, the Court has dispensed with Plaintiffs' arguments quickly and without further serious expenditure of resources. This matter is best ended now, and so sanctions will not issue. However, any further motions akin to reconsideration or recusal based on nothing new will be summarily denied without the need for Defendants to respond.

Accordingly, Plaintiffs' motion for reconsideration and recusal are hereby DENIED (ECF Nos. 35 & 42); Defendant's renewed motions at ECF Nos. 43 & 44 are DENIED; and counsel's motion at ECF No. 39 is GRANTED.

So ordered.

__10/13/2020_____                    _____/S/_____
Date                                         Paula Xinis
                                             United States District Judge